# EXHIBIT "A"

Edward S. Wardell, Esquire
**CONNELL FOLEY LLP**
Liberty View Building
457 Haddonfield Rd., Ste. 230
Cherry Hill, New Jersey 08002
(856) 317-7100

*Attorneys for Plaintiff*
*AmeriHealth Insurance Company of New Jersey*

| | |
|---|---|
| AMERIHEALTH INSURANCE COMPANY OF NEW JERSEY, | SUPERIOR COURT OF NEW JERSEY MIDDLESEX COUNTY/LAW DIVISION |
| Plaintiff, | DOCKET NO.: |
| v. | Civil Action |
| SAMMY J. MISSRY; JOSEPH C. FINGERER; CHABAD RESIDENTIAL TREATMENT CENTER; EVOLVE GROWTH INITIATIVE d/b/a EVOLVE TREATMENT CENTERS; THE VILLA TREATMENT CENTER, LLC; JOHN DOES 1-10 and ABC CORPORATIONS 1-10, | COMPLAINT |
| Defendants. | |

Plaintiff AmeriHealth Insurance Company of New Jersey by way of Complaint against Defendants Sammy J. Missry; Joseph C. Fingerer; Chabad Residential Treatment Center; Evolve Growth Initiative d/b/a Evolve Treatment Centers; The Villa Treatment Center, LLC; John Does 1-10 and ABC Corporations 1-10, states:

**I.   THE PARTIES**

    **A.   Plaintiff AmeriHealth Insurance Company**

    1.   Plaintiff AmeriHealth Insurance Company of New Jersey ("AmeriHealth") is a duly authorized health insurer in New Jersey with its address at 259 Prospect Plains Road, Bldg M., Cranbury, New Jersey, 08512. Among other things, AmeriHealth provides

MID-L-007473-17   12/20/2017 1:19:55 PM   Pg 2 of 17 Trans ID: LCV2017678416

and administers health care plans in New Jersey, including Qualified Health Plans ("QHP") under the Patient Protection and Affordable Care Act ("ACA"). At all times material hereto, AmeriHealth was an "insurance company" within the meaning of the New Jersey Insurance Fraud Prevention Act, N.J.S.A. 17:33A-1, et seq. ("IFPA").

B. The Defendant Insurance Producers

2. Defendant Sammy J. Missry is a licensed insurance producer in the State of California with an address at 148 South Oakhurst Drive, Unit 1, Beverly Hills, California. At all times material hereto, Defendant Missry was a person and producer within the meaning of the IFPA who knowingly and intentionally enrolled ineligible individuals in health insurance plans offered by AmeriHealth in New Jersey.

3. Defendant Joseph C. Fingerer is an individual and licensed insurance producer in the State of New Jersey with an address at 94-25 57th Avenue, #P2, Elmhurst, New York 11373. At all times material hereto, Defendant Fingerer was a person or producer within the meaning of the IFPA who knowingly and intentionally enrolled ineligible individuals in health insurance plans offered by AmeriHealth of New Jersey.

C. The Defendant Providers

4. Defendant Chabad Residential Treatment Center ("Chabad") is a behavioral health and drug treatment facility located at 5675 West Olympic Blvd., Los Angeles, California 90036. At all times material hereto, Defendant Chabad was a person or practitioner within the meaning of the IFPA and submitted health care insurance claims to AmeriHealth.

2

5. Defendant Evolve Growth Initiative d/b/a Evolve Treatment Centers ("Evolve") is a behavioral health and drug treatment facility located at 9301 Wilshire Blvd., Suite 516, Beverly Hills California. At all times material hereto, Defendant Evolve was a person or practitioner within the meaning of the IFPA and submitted health care insurance claims to AmeriHealth.

6. Defendant The Villa Treatment Center, LLC ("Villa") is a behavioral health and drug treatment facility with its address at 5051 Hood Drive, Woodland Hills, CA 91364. At all times material hereto, Defendant Villa was a person or practitioner within the meaning of the IFPA and submitted health care insurance claims and applications for insurance to AmeriHealth.

7. Defendants John Does 1 to 10 are individuals who committed, participated in and knowingly assisted, conspired with and/or encouraged others to commit the wrongful and fraudulent acts set forth in this Complaint and knowingly benefitted from that misconduct.

8. Defendants ABC Corporations 1 to 10 are corporations who committed, participated in, and knowingly assisted, conspired with and/or encouraged others to commit the fraudulent and wrongful acts set forth in this Complaint, and knowingly benefitted from that misconduct.

9. Each of the Defendants is a person, practitioner or producer within the meaning of the IFPA and each of them knowingly and intentionally committed, participated in, solicited others to engage in, benefited from, conspired with and/or encouraged others to commit the fraudulent and wrongful acts set forth herein.

3

## II. VENUE AND JURISDICTION

10. Venue is placed properly in this Court because Plaintiff AmeriHealth actually does business in this County.

11. This Court has personal jurisdiction over each Defendant because it enrolled ineligible individuals in QHPs offered by AmeriHealth in New Jersey, submitted claims for services to AmeriHealth, fraudulently obtained payments from AmeriHealth under plans issued and operated in New Jersey, engaged in a scheme to defraud AmeriHealth in New Jersey, and knowingly and intentionally caused harm to AmeriHealth, its plans, and members in New Jersey.

## III. THE SCHEME TO DEFRAUD AND ENROLL INELIGIBLE INDIVIDUALS

### A. Summary of the Scheme

12. Beginning in 2015, Defendants engaged in a scheme to knowingly and intentionally enroll ineligible individuals in QHPs offered by AmeriHealth in New Jersey pursuant to the provisions of the ACA. In each application for insurance, the Defendant Insurance Producers and Providers intentionally misrepresented, among other things, that each individual experienced a qualifying event or was a resident of the State of New Jersey when he or she was not.

13. After enrolling ineligible individuals in the AmeriHealth plans, the Defendant Providers then submitted claims for drug and alcohol treatment and for related services provided to the ineligible patients. In many cases, the Defendant Providers submitted health insurance claims and referred patients for unnecessary or excessive treatment and services.

14. As a result of Defendants' fraud and misrepresentations, AmeriHealth suffered damages in excess of Eight Million Dollars ($8,000,000.00), including the costs of health care benefits provided to ineligible individuals in excess of the premiums paid.

B. **The Qualified Health Plans Offered by AmeriHealth**

15. Plaintiff AmeriHealth is a duly authorized health insurer in New Jersey and offered QHPs to eligible individuals through the healthcare marketplace, commonly referred to as the "exchange," and online pursuant to the ACA.

16. AmeriHealth offered QHPs which, among other things, provided benefits for the treatment of drug and alcohol dependencies rendered to eligible enrollees in accordance with the terms and conditions of the plans.

17. AmeriHealth offered QHPs which provided benefits for "in-network" services rendered by "participating" providers who contracted with AmeriHealth to provide services at contracted rates. Some AmeriHealth QHPs, like many of the QHPs available online and through the healthcare marketplace, only provided benefits for in-network services rendered by participating providers and excluded benefits for services rendered by other providers.

18. AmeriHealth also offered QHPs which provided benefits for "out-of-network" services rendered by "non-participating" providers which did not contract with AmeriHealth. Non-participating providers have not agreed to accept contracted rates for their services and amount of the benefit paid by AmeriHealth for those services is set by the terms of the QHP. Eligible enrollees in these plans are required to contribute to the

cost of care and to pay higher co-insurance and deductibles than they would pay for in-network services rendered by participating providers.

19. To be eligible to enroll in all QHPs offered by AmeriHealth online or through the healthcare marketplace, an individual must be a resident of New Jersey. An individual can enroll in a QHP only when he or she is living and intends to remain in New Jersey.

20. An individual ordinarily may enroll in a QHP offered by AmeriHealth only during an open enrollment period at the end of a calendar year. Pursuant to the provisions of the ACA, however, an individual may enroll in or change his/her plan during a Special Enrollment Period ("SEP") if the individual experiences a qualifying event, such as a permanent change in residence.

C. **Defendants' Submission of False Applications to Enroll Ineligible Individuals in AmeriHealth Plans**

21. Beginning in early 2015, Defendants, individually and as part of a conspiracy among the Defendant Producers and Defendant Providers, knowingly and intentionally enrolled ineligible individuals in QHPs offered by AmeriHealth to New Jersey residents. For each enrolled individual, Defendants misrepresented that the individual was a resident of New Jersey or change residence to New Jersey when they knew the individual did not move to or reside in New Jersey.

22. Each of the Defendant Providers is a non-participating provider with AmeriHealth and, upon information and belief, with other health care insurers that offered QHPs. As a result, the Defendant Providers could receive payment for their

6

services from insurers only when the insurer offered QHPs which provided benefits for OON services rendered by non-participating providers.

23. In 2015 and 2016, AmeriHealth was one of only a few health insurers which offered QHPs with benefits for OON services rendered by non-participating providers, like the Defendant Providers. But to be eligible for enrollment in the QHPs offered by Amerihealth, an individual had to be a resident of New Jersey.

24. In order to obtain payments from AmeriHealth for services rendered to ineligible individuals and to access benefits under QHPs offered by AmeriHealth, Defendants actively recruited individuals for treatment, offered to obtain or provide health insurance for them and enrolled them in AmeriHealth QHPs even though they had not experienced an SEP, were not residents of New Jersey and were not eligible for benefits under the plans.

25. The Defendant Providers also offered inducements to individuals to enroll in QHPs offered by AmeriHealth and to accept OON services from the Defendant Providers. These inducements included the payment of premiums, free enrollment and administrative services, the waiver of patient responsibility for their services and the offer of free or subsidized housing for outpatient services.

26. As part of this scheme, the Defendant Producers, individually and in collusion with the Defendant Providers, submitted false applications and enrolled ineligible individuals in QHPs offered by AmeriHealth. In each application, the Defendant Producer knowingly and intentionally misrepresented that the individual had experienced

7

a qualifying event under the Special Enrollment Period, had moved to AmeriHealth's coverage area in New Jersey and was a resident of New Jersey.

27. From January 1, 2015, to November 30, 2016, Defendant Missry submitted false applications to AmeriHealth for Eighty-Three (83) individuals under the Special Enrollment Program. In each application, Defendant Missry misrepresented that the individual had experienced a qualifying event, had moved to New Jersey and/or was a New Jersey resident when he or she was not.

28. From January 1, 2015 to November 30, 2016, Defendant Fingerer submitted false applications to AmeriHealth for Twenty-Nine (29) individuals under the Special Enrollment Program. In each application, Defendant Fingerer misrepresented that the individual had experienced a qualifying event, had moved to New Jersey and/or was a New Jersey resident when he or she was not.

29. In addition to those instances in which the Defendant Producer submitted false applications, the Defendant Providers at times prepared and/or facilitated ineligible individuals to submit false applications for insurance. These applications misrepresented that the patient had experienced a qualifying event under the Special Enrollment Period, had moved to New Jersey and/or was a resident of New Jersey.

D.  Damages

30. In reliance upon and as a result of Defendants' knowing and intentional submission of false applications, AmeriHealth issued QHPs to ineligible individuals and paid claims for services rendered to them.

8

4224013-1

31. After AmeriHealth issued QHPs to ineligible individuals, the Defendant Providers and others submitted health insurance claims to AmeriHealth and received payment from AmeriHealth for OON services rendered to the ineligible individuals.

32. As a result of Defendants' fraud, AmeriHealth suffered damages in the amount of Eight Million Dollars ($8,000,000.00) in unreimbursed costs for the health care benefits paid for services rendered to ineligible individuals for whom Defendants procured QHPs from AmeriHealth.

33. From early 2015 through November 30, 2016, AmeriHealth paid in excess of $3,300,000 on claims for services rendered to ineligible individuals as a result of false applications submitted by Defendant Missry.

34. From early 2015 through November 30, 2016, AmeriHealth paid in excess of $785,000 on claims for services rendered to ineligible individuals as a result of false applications submitted by Defendant Fingerer.

35. From January 1, 2015 through November 30, 2016, AmeriHealth paid in excess of $950,000 to Defendant Evolve for services it rendered to ineligible individuals for whom Defendants submitted false applications, including applications submitted by the Defendant Producers and the Defendant Providers themselves.

36. From January 1, 2015 through November 30, 2016, AmeriHealth paid in excess of $1,200,000 to Defendant Chabad for services it rendered to ineligible individuals for whom Defendants submitted false applications, including applications submitted by the Defendant Producers and the Defendant Providers themselves.

37. From January 1, 2015 through November 30, 2016, AmeriHealth paid in excess of $320,000 to Defendant Villa for services it rendered to ineligible individuals for whom Defendants submitted false applications, including applications submitted by the Defendant Producers and the Defendant Providers themselves.

38. In addition to the Defendant Providers, AmeriHealth paid claims for services rendered by other providers, including providers who received referrals from Defendants in this case.

## COUNT ONE
### Insurance Fraud

39. Plaintiff repeats and incorporates herein by reference all of the preceding paragraphs of the Complaint as if set forth at length herein.

40. Plaintiff AmeriHealth is an "insurance company" within the meaning of the IFPA. N.J.S.A. 17A:33A-3.

41. Each of the Defendants is a person within the meaning of the IFPA. N.J.S.A. 17A:33A-3.

42. The IFPA provides that a person commits insurance fraud if he or she makes any statement to an insurance company to obtain an insurance policy "knowing that the statement contains any false or misleading information concerning any fact or thing material to an insurance application or contract...." N.J.SA. 17:33A-4a(4)(b).

43. The IFPA further provides that a person commits insurance fraud if he or she knowingly "assists, conspires with or urges any person" to violate any of its provisions, or when he or she "knowingly benefits, directly or indirectly" from any violation of the Act. N.J.S.A. 17:33A-4a(5), b & c.

10

44. Beginning in 2015, Defendants entered into a scheme to defraud AmeriHealth by submitting false applications and procuring benefits from AmeriHealth for ineligible individuals.

45. In violation of the Act, Defendants produced and solicited false and misleading applications for ineligible individuals and submitted false applications to AmeriHealth.

46. After Defendants procured insurance from AmeriHealth for ineligible individuals, the Defendant Providers intentionally submitted false insurance claims and received payments from AmeriHealth knowing that the individuals were not eligible to receive benefits.

47. As a result of Defendants' scheme to defraud and pattern of violations of the Act, Plaintiff AmeriHealth has suffered damages including but not limited to $8,000,000 for the costs of the benefits provided, the costs of investigation, attorney's fees and other losses.

48. Pursuant to NJ.S.A. 17:33A-7, AmeriHealth is entitled to all compensatory damages, including but not limited to .all the costs of the benefits provided and costs of suit and attorney's fees, and is entitled to recover treble damages because Defendants engaged in a pattern of violations of the Act.

WHEREFORE, AmeriHealth demands judgment in its favor against Defendants Sammy J. Missry; Joseph C. Fingerer; Chabad Residential Treatment Center; Evolve Growth Initiative d/b/a Evolve Treatment Centers; The Villa Treatment Center, LLC,

jointly, severally and in the alternative, for all its damages including costs of suit and attorney's fees and for punitive damages.

## COUNT TWO
### Fraud

49. Plaintiff repeats and incorporates herein by reference all of the preceding paragraphs of the Complaint as if set forth at length herein.

50. Beginning in 2015, Defendants entered into a scheme to defraud AmeriHealth by submitting false applications and procuring benefits from AmeriHealth for ineligible individuals.

51. As a result of Defendants' fraud, AmeriHealth suffered damages in excess of $8,000,000 for the costs of health care benefits provided to the ineligible individuals for whom Defendants obtained health care benefits.

52. The harm suffered by AmeriHealth was actuated by bad faith and actual malice, that is intentional wrongdoing on the part of the defendants. As such AmeriHealth is entitled to punitive damages pursuant to N.J.S.A. 15:5-10.

WHEREFORE, AmeriHealth demands judgment in its favor against Defendants Sammy J. Missry; Joseph C. Fingerer; Chabad Residential Treatment Center; Evolve Growth Initiative d/b/a Evolve Treatment Centers; The Villa Treatment Center, LLC, jointly, severally and in the alternative, for all its damages including costs of suit and attorney's fees.

## COUNT THREE
### Negligent Misrepresentation

53. Plaintiff repeats and incorporates herein by reference all of the preceding paragraphs of the Complaint as if set forth at length herein.

54. Defendants knew or should have known or were deliberately ignorant to the fact that the applications and certifications submitted to AmeriHealth on behalf of the individuals contained false and misleading information material to the application and benefit plans and that this would cause AmeriHealth to issue individual benefit plans for ineligible individuals.

55. Defendants had a duty and responsibility to verify the accuracy and completeness of the information contained on the insurance application and claim forms submitted to AmeriHealth.

56. AmeriHealth foreseeably and reasonably relied upon Defendants' misrepresentations to its detriment, issued QHPs to ineligible indivdiuals and paid claims for services rendered to those ineligible individuals.

57. The actions of the Defendants were negligent, and were the direct and proximate cause of damage to AmeriHealth.

58. As a result of Defendants' negligence, AmeriHealth has suffered damages including, but not limited to, all amounts paid for services rendered to ineligible individuals for whom it issued QHPs.

WHEREFORE, AmeriHealth demands judgment in its favor against Defendants Sammy J. Missry; Joseph C. Fingerer; Chabad Residential Treatment Center; Evolve Growth Initiative d/b/a Evolve Treatment Centers; The Villa Treatment Center, LLC,

jointly, severally and in the alternative, for all its damages including costs of suit and attorney's fees and for treble damages under the New Jersey Insurance Fraud Prevention Act N.J.S.A. 17:33A-1 *et. seq.*

## COUNT FOUR
### Professional Negligence

59. Plaintiff repeats and incorporates herein by reference all of the preceding paragraphs of the Complaint as if set forth at length herein.

60. At all times material hereto Defendants Missry and Fingerer were licensed insurance producers who submitted applications for insurance and health care benefits to Amerihealth.

61. As licensed insurance producers, Defendants Missry and Fingerer had a duty to investigate and to assure that applications for insurance and health care benefits submitted to AmeriHealth were accurate and complete, and that the individuals were eligible for the benefit plans for which they applied.

62. As licensed insurance producers, Defendants Missry and Fingerer knew or should have known that the applications for insurance and health care benefits were false and incomplete.

63. As licensed insurance producers, Defendants Missry and Fingerer had a duty to inform AmeriHealth of inaccuracies and misrepresentations in the applications for insurance.

64. As licensed insurance producers, Defendants Missry and Fingerer failed to investigate the accuracy of the applications they submitted and were otherwise negligent in submitting the false applications.

14

4224013-1

65. As the direct and proximate result if the negligence of Missry and Fingerer, AmeriHealth suffered damages, including all amounts paid for services rendered to individuals for whom Defendants submitted false applications.

WHEREFORE, AmeriHealth demands judgment in its favor against Defendants Sammy Missry and Joseph Fingerer, jointly, severally and in the alternative, for all its damages.

### COUNT FIVE
### Insurance Fraud, Fraud, Tortious Interference, Unjust Enrichment, and Conspiracy vs. John Does 1 to 10 and ABC Corporations 1 to 10

66. Plaintiff repeats and incorporates herein by reference all of the preceding paragraphs of the Complaint as if set forth at length herein.

67. At all times material hereto, Defendants ABC Corporations 1 to 10 committed, participated in, solicited to engage in and knowingly assisted, conspired with and/or encouraged others to commit the fraudulent and wrongful acts set forth in this Complaint, and knowingly benefitted from that misconduct.

68. At all times material hereto, Defendants John Does 1 to 10 committed, participated in and knowingly assisted, conspired with and/or encouraged others to commit the wrongful and fraudulent acts set forth in this Complaint and knowingly benefitted from that misconduct.

**WHEREFORE**, AmeriHealth demands judgment in its favor against Defendants ABC Corporations 1 to 10 and John Does 1 to 10, jointly, severally and in the alternative, for all its damages including costs of suit and attorney's fees and for treble damages under the New Jersey Insurance Fraud Prevention Act N.J.S.A. 17:33A-1 et. seq.

CONNELL FOLEY LLP
*Attorneys for Plaintiff*
*AmeriHealth Insurance Company of*
*New Jersey*

By: _____
Edward S. Wardell

DATE: December 20, 2017

### CERTIFICATION PURSUANT TO RULE 4:5-1

Pursuant to Rule 4:5-1, the undersigned hereby states on behalf of the Plaintiffs in this action, that the matter in controversy is not the subject of any other action pending in any other Court or pending arbitration proceeding to the best of this party's knowledge or belief, nor is any such other action or arbitration proceeding contemplated. Further, other than the parties set forth in this pleading, this party is aware of no other person or entity that should be joined in the above action. In addition, it is recognized that it is the continuing obligation of each party to file and serve upon all parties and the Court an Amended Certification if there is a change in the facts as stated in this original Certification.

CONNELL FOLEY LLP
*Attorneys for Plaintiff*
*AmeriHealth Insurance Company of*
*New Jersey*

By: _____
Edward S. Wardell

DATE: December 20, 2017

16

4224013-1

## CERTIFICATION PURSUANT TO RULE 1:38-7(b)

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

                                                          **CONNELL FOLEY LLP**
                                                          *Attorneys for Plaintiff*
                                                          *AmeriHealth Insurance Company of*
                                                          *New Jersey*

                                                       By: _____
DATE: December 20, 2017                               Edward S. Wardell